UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
HERBERT S. GEORGE,

              Plaintiff,              **MEMORANDUM & ORDER**

   - against -                  15-CV-4416 (KAM)

NATIONSTAR MORTGAGE LLC AND JAY BRAY,
Chief Executive Officer,

              Defendants.
----------------------------------X

**MATSUMOTO, United States District Judge:**

      On July 28, 2015, *pro se* plaintiff Herbert S. George filed a complaint, Order to Show Cause, and Affidavit in Support of Order to Show Cause seeking to prevent the foreclosure sale by defendants of property located at 145-64 175th Street in Springfield Gardens, Queens, pursuant to a foreclosure judgment in Queens County Supreme Court. Plaintiff has paid the filing fee to initiate this federal court action.

      "A party seeking a preliminary injunction must show '(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.'" *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011) (quoting *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010)); Fed. R. Civ. P. 65(b)(1)(A). Here, plaintiff fails

1

to demonstrate a likelihood of success on the merits because, according to his affidavit and complaint, the Queens County Supreme Court ordered a foreclosure sale that is scheduled for the end of July 2015. (ECF No. 1, Complaint at 3; ECF No. 2, Affidavit/Affirmation in Support of Order to Show Cause.) The federal courts lack jurisdiction to stay or enjoin a state court judgment of foreclosure. *Jing Chun Wu v. LeVine*, 314 F. App'x 376, 377 (2d Cir. 2009) (affirming denial of plaintiff's claims for injunctive relief to stay the state court's foreclosure order on her property because the district court was without subject matter jurisdiction on the basis of the *Rooker-Feldman*[1] doctrine); *see also Jing Chun Wu v. LeVine*, No. 05-cv-1234, 2005 U.S. Dist. LEXIS 21051, at *6 (E.D.N.Y. June 3, 2005) ("Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine.").

Accordingly, the motion for a preliminary injunction and a temporary restraining order is denied because plaintiff has not demonstrated a likelihood of success on the merits. Plaintiff may continue to pursue his state court remedies. This action is referred to Magistrate Judge Lois Bloom for pretrial

---

[1] Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

supervision. Although plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this order denying plaintiff's motion for injunctive relief would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully directed to serve a copy of this order on plaintiff and note service on the docket.

**SO ORDERED.**

**Dated**: Brooklyn, New York
July 29, 2015

_____/s/_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York