```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
```

HERBERT S. GEORGE,

                Plaintiff,

  -against-

NATIONSTAR MORTGAGE LLC and JAY BRAY,

                Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION DISMISSING THIS ACTION WITHOUT PREJUDICE**

15-CV-4416 (KAM)(LB)

```
---------------------------------------X
```

**MATSUMOTO, United States District Judge**:

        Plaintiff Herbert S. George commenced this action against defendants Nationstar Mortgage LLC and Jay Bray on July 28, 2015. (ECF No. 1, Complaint.) On August 12, 2015, Magistrate Judge Bloom ordered plaintiff to serve defendants with the summons and complaint by November 25, 2015 and warned that failure to file proof that defendants were served, or failure to show good cause why defendants were not timely served by November 25, 2015, would result in Judge Bloom recommending that the plaintiff's action be dismissed without prejudice. (ECF No. 9.) A copy of Judge Bloom's August 12, 2015 Order was mailed to plaintiff on August 12, 2015. (*Id.*)

        On January 26, 2016, Judge Bloom issued a Report and Recommendation ("R&R") recommending that the court dismiss this action without prejudice pursuant to Rule 4(m) because plaintiff failed to file proof of service of process on the defendants or

show good cause why he has not timely served defendants.  (ECF No. 11.)  The R&R notified the parties that any objections must be filed within fourteen days of service of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).  (R&R at 1.)  The Clerk of the Court noted that a copy of Judge Bloom's R&R was mailed to plaintiff on January 27, 2016 via first class mail.  The statutory period for filing objections has now expired, and no objections to Judge Bloom's R&R have been filed.

A district court reviews those portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . ."  28 U.S.C. § 636(b)(1)(C).  However, where no objections to the Report and Recommendation have been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record."  *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).  The court has nonetheless conducted a *de novo* review of Judge Bloom's Report and Recommendation.

Upon both clear error and *de novo* review, the court adopts Judge Bloom's recommendation dismissing this action without prejudice.  Pursuant to Rule 4(m), plaintiff had 120

days[1] after the complaint was filed (until November 25, 2015) to serve defendants, but did not do so.  By Order dated August 12, 2015, Judge Bloom notified and directed plaintiff to serve defendants with the summons and complaint by November 25, 2015.  Judge Bloom's August 12, 2015 Order also stated that plaintiff is required to advise the Clerk of Court of any change of address.  Plaintiff has not filed proof of service on defendants and has not shown good cause why service was not timely effected.  Consequently, the court dismisses this case without prejudice pursuant to Rule 4(m).

The Clerk of the Court is respectfully directed to serve a copy of this Order on plaintiff, note service on the docket, and to close this case.

**SO ORDERED.**

Dated:   April 8, 2016
         Brooklyn, New York

/s/
Kiyo A. Matsumoto
United States District Judge

---

[1] Although Rule 4(m) has been amended, effective December 1, 2015, to require that the summons and compliant be served within 90 days from the date the complaint is filed, the court applies the 120 day period in effect at the time plaintiff filed his complaint.

3